## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CATHERINE GRESKO and** | ) | |
| **JOSEPH GRESKO, individually** | ) | |
| **and on behalf of their minor child** | ) | |
| **J.G.,** | ) | **Case No.** |
| | ) | |
| **Plaintiffs,** | ) | **Judge** |
| | ) | |
| **v.** | ) | **Magistrate** |
| | ) | |
| **PEMBERTON TWP. BD. OF** | ) | |
| **EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT – FEE PETITION

NOW COME Plaintiffs Catherine Gresko and Joseph Gresko, individually and on behalf of their minor child J.G.[1] ("Plaintiffs"), by and through counsel, and for their Complaint – Fee Petition pursuant to 20 U.S.C. §1415(i)(3), 29 U.S.C. §794a(b), and 42 U.S.C. §12133, against Defendant Pemberton Township Board of Education ("PTBOE") hereby state as follows:

NATURE OF THE ACTION

1.      This matter is a fee petition pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 *et seq.* ("IDEA"), Section 504 of the

---

[1] Plaintiff J.G. is identified by initials pursuant to Fed.R.Civ.P. 5.2(a)(3) so as to protect the identity of the minor child.

Rehabilitation Act of 1973, 29 U.S.C. §794 ("§504"), and the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* ("ADA"), seeking reimbursement of attorney's fees and costs as a result of a settlement of an administrative due process case.

2.      When parents of a child with a disability are prevailing parties in an administrative special education case, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs."  20 U.S.C. §1415(i)(3)(B).

3.      "In order to be a 'prevailing party,' a party must be 'successful' in the sense that it has been awarded some relief by a court."  *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3rd Cir. 2006) *quoting Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 and 435 (1983) ("Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee.").  The relief awarded must constitute a "change in the legal relationship of the parties" that is "judicially sanctioned." *Buckhannon*, 532 U.S. at 605; *P.N.*, 442 F.3d at 853.

4.      Parents are considered to be "prevailing parties" even when the case is resolved by settlement if the stipulated settlement is judicially sanctioned and enforceable.  *See A.W. v. East Orange Bd of Educ.,* 248 Fed. Appx. 363 (3rd Cir.

2007); *P.N., supra; John T. ex rel. Paul T. v. Del. Cnty. Intermed. Unit.*, 318 F.3d 545, 558 (3rd Cir. 2003).

5.      Plaintiffs herein should be considered "prevailing parties" as the special education case was resolved by settlement that is judicially sanctioned and enforceable as detailed below.

6.      Plaintiffs are further entitled to reimbursement for attorney's fees and costs incurred litigating a fee petition, *i.e.* the present action, commonly referred to as "fees on fees" in IDEA cases.  *See Gagne v. Maher*, 594 F.2d 336, 343-44 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980); *Kaseman v. Dist. of Columbia*, 444 F.3d 637, 640 (D.C. Cir. 2006); *Banda v. Antelope Valley Union High Sch. Dist.*, 67 IDELR 56 (9th Cir. 2016, unpublished); *N.S. v. Stratford Bd. of Educ.*, 97 F. Supp. 2d 224, 244 (D. Conn. 2000).

7.      Courts in the Third Circuit routinely increase awards of attorney's fees for costs and fees "associated with the fee action itself."  *Smith v. Bor. of Dunmore*, 633 F.3d 176 (3rd Cir. 2011) (emphasis added), relying on *Hensley*, 461 U.S. at 434–36 (instructing that district courts may need to adjust the fee upward or downward.)

8.      Similarly, reimbursement of attorneys' fees and costs is available under §504 and the ADA. *See* 29 U.S.C. §794a(b) and 42 U.S.C. §12133.

PARTIES

9.      J.G., whose date of birth is 01/21/2015, is a child with a disability eligible for special education and related services under the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 et seq. ("IDEA") and protection under Section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("§504"); the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* ("ADA"); New Jersey's Special Education Law, N.J.S.A. 18A:46-1 *et seq.*; and the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1 *et. seq.* ("NJLAD").

10.     Catherine Gresko and Joseph Gresko are J.G.'s parents and reside with J.G. at 1 North Whites Bogs Road, Browns Mills, Burlington County, New Jersey.

11.     PTBOE is a Local Educational Agency ("LEA") as that term is defined by 20 USC §1401(19) and 34 CFR §300.28 and a public agency of the State of New Jersey with its principal place of business located at One Egbert Street, Pemberton, Burlington County, New Jersey 08068.  Respondent is a public school system doing business as Pemberton Township Schools in the State of New Jersey and an arm of the New Jersey Department of Education and, upon information and belief, receives federal funding.  As such, it is responsible for ensuring compliance with all mandates arising under the numerous federal statutes

for providing special education to the school age students residing within its district.

JURISDICTION AND VENUE

12.    The Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction 28 U.S.C. §1331, premised upon the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(i)(3) wherein it provides that "The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy;" Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.* ("§504"); and the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* ("ADA").

13.    Personal jurisdiction exists over the Defendant because it is a resident and arm of the government of the State of New Jersey.

14.    Venue is proper pursuant to 28 U.S.C. §1391 as all the events giving rise to the claims herein occurred in this District.

CAUSE OF ACTION

15.    Plaintiffs filed a Request for Mediation *pro se* against PTBOE with the New Jersey Department of Education, Office of Special Education Programs ("OSEP") on or about March 28, 2018 pursuant to 20 U.S.C. §1415(f) and N.J.A.C. §6A:14-2.7.

16.     The original request sought the remedy of increased speech and language therapy for J.G.

17.     On April 9, 2018, PTBOE filed an "Answer to Petition for Due Process" with OSEP.

18.     Mediation was held on April 23, 2018, but failed.

19.     On that same date, the case was converted from Mediation to a Due Process Complaint ("DP Complaint") and transmitted to the New Jersey Office of Administrative Law ("OAL") and assigned to Administrative Law Judge Buono ("ALJ Buono") for a prehearing conference on May 24, 2018.  Upon transmittal, the case was captioned *C.G. o/b/o J.G. v. Pemberton Twp. Board of Education*, OAL Dkt. No. EDS 06509-18 ("DP case").

20.     On May 8, 2018, Plaintiffs contacted undersigned counsel's office for legal representation in the DP case because it was going to hearing and had not settled.  (Declaration of Robert C. Thurston, Esq., ¶7.)

21.     On May 9, 2018, undersigned counsel entered his Appearance on behalf of Plaintiffs in the DP case. (Declaration of Robert C. Thurston, Esq., ¶8.)

22.     On May 10, 2018, PTBOE's counsel consented to Plaintiffs amending the DP Complaint.  (Declaration of Robert C. Thurston, Esq., ¶9.)

23.     On May 16, 2018, Plaintiffs filed their Amended DP Complaint seeking numerous remedies under various special education and civil rights statutes.  (Declaration of Robert C. Thurston, Esq., ¶10.)

24.     On May 24, 2018, the parties and counsel appeared before ALJ Buono for a prehearing / settlement conference, but settlement failed.  ALJ Buono assigned the DP case to ALJ Crowley for an initial status conference call on May 31, 2018.

25.     From May 24, 2018, the parties engaged in vigorous litigation and preparation for hearings scheduled for September 17-19 and 24, 2018 before ALJ Crowley.

26.     During the same period, the parties continued to engage in settlement discussions parallel to trial preparation.

27.     Sensing that the parties could potentially settle the case before trial, undersigned counsel requested that ALJ Crowley convert the September 17, 2018 hearing date to a mandatory, in-person settlement conference.  If that conference failed to resolve the case, it would proceed to trial on September 18, 2018.  That request was granted by ALJ Crowley.

28.     The parties continued to prepare for trial, including the 'Five-Day Exchange' required under IDEA.

29.     On September 17, 2018, the parties appeared for the mandatory settlement conference before ALJ Crowley.  The parties settled the case and the terms of the settlement were entered on the record.  (Declaration of Robert C. Thurston, Esq., ¶11.)

30.     Nevertheless, PTBOE, by and through its counsel, continued to dispute the terms of the Settlement Agreement causing Plaintiffs' counsel to do additional legal work and Plaintiffs to incur additional legal fees.  (Declaration of Robert C. Thurston, Esq., ¶12.)

31.     After substantial negotiations, the parties entered into a Settlement Agreement and Release signed by Plaintiffs on October 1, 2018 and by PTBOE on October 3, 2018.

32.     On November 27, 2018, ALJ Crowley issued her Final Decision Approving Settlement in the DP case incorporating the terms of the Settlement Agreement and Release.  (A true and correct copy of the 11/27/18 Decision with attached Settlement Agreement and Release is attached hereto as Exhibit A.)

33.     The settlement and Decision are enforceable.  (*See* Exhibit A.)

34.     The settlement was favorable to Plaintiffs in that it increased speech and language therapy services for J.G., increased occupational therapy services for J.G., the services are to be provided on a "minutes x number of times per week" basis with missed sessions to be made up instead of PTBOE"s proposed annual

basis, and required PTBOE to immediately implement the additional services.  (*See* Exhibit A.)

35.     As a direct and proximate result of the DP case, Plaintiffs incurred reasonable attorney's fees and costs that total $28,740.07.  (Declaration of Robert C. Thurston, Esq., ¶¶13-14 and Group Exhibit B attached thereto.)

36.     Undersigned counsel's billable rates are reasonable in the community given that special education law is a highly specialized practice and counsel's experience and expertise in litigation and in the field.  (Declaration of Robert C. Thurston, Esq., ¶¶3-6 and Exhibit A attached thereto.)

37.     The legal services provided by undersigned counsel and incurred by Plaintiffs are reasonable and justified given the vigor with which Defendant Pemberton Township Board of Education and its counsel litigated the DP case.  (Declaration of Robert C. Thurston, Esq., ¶¶7-12, 15 and Group Exhibit B attached thereto.)

38.     Plaintiffs achieved excellent results and a change in the legal relationship with Defendant by way of settlement of the DP case.  (Declaration of Robert C. Thurston, Esq., ¶¶17-18 and Exhibit A hereto.)

**WHEREFORE**, Plaintiffs Catherine Gresko and Joseph Gresko, individually and on behalf of their minor child J.G., demand that judgment be entered in their favor and against Defendant Pemberton Township Board of Education as follows:

A.   Declaration that Plaintiffs are deemed prevailing parties as a result of the settlement of the DP case;

B.   Declaration that as prevailing parties Plaintiffs are entitled to reimbursement of attorney's fees and costs incurred in the DP case under IDEA, §504, and the ADA;

C.   Declaration that the attorney's fees and costs submitted by Plaintiffs herewith are reasonable and justified;

D.   That Defendant Pemberton Township Board of Education shall reimburse Plaintiffs the sum of $28,740.07;

E.   That Defendant Pemberton Township Board of Education shall reimburse Plaintiffs for reasonable attorney's fees and costs incurred in this action, which amount shall be supported by Affidavits submitted to the Court; and

F.   Such other and further relief as this Court deems just and equitable.

Respectfully submitted,

THURSTON LAW OFFICES LLC

By: _____

     Robert C. Thurston, Esq.
     Attorney for Plaintiffs

Dated: January 17, 2019

Robert C. Thurston, Esq.
Attorney ID #008801988
Thurston Law Offices LLC
100 Springdale Road A3, PMB 287
Cherry Hill, NJ 08003
856-335-5291
Email: rthurston@schoolkidslawyer.com



<span style="background-color: yellow; color: red;">**EXHIBIT A**</span>

# *State of New Jersey*

**OFFICE OF ADMINISTRATIVE LAW**

<u>**FINAL DECISION APPROVING**</u>
<u>**SETTLEMENT**</u>
OAL DKT. NO. EDS 06509-18
AGENCY DKT. NO. 2018-27868

**C.G. ON BEHALF ON J.G.,**

     Petitioners,

          v.

**PEMBERTON TOWNSHIP BOARD OF**
**EDUCATION,**

     Respondent.

_____

     **Robert Thurston**, Esq., for petitioners (Thurston Law Office LLC, attorneys)

     **Victoria Beck**, Esq., for respondent (Parker McCay, attorneys)

Record Closed:  September 17, 2018         Decided:  September 18, 2018

BEFORE **SARAH G. CROWLEY**, ALJ:

     This case arises under the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 to 1482.  The parties have voluntarily agreed to resolve all disputed matters and have entered into a settlement as set forth in the attached document.

     I have reviewed the terms of settlement and I **FIND**:

OAL DKT. NO. EDS 06509-18

1.   The parties have voluntarily agreed to the settlement as evidenced by their signatures or their representatives' signatures on the attached document.

2.   The settlement fully disposes of all issues in controversy between them and is consistent with the law.

Therefore, I **ORDER** that the parties comply with the settlement terms and that these proceedings be concluded.

This decision is final pursuant to 20 U.S.C. § 1415(i)(1)(A) and 34 C.F.R. § 300.514 (2017).  If the parent or adult student feels that this decision is not being fully implemented with respect to program or services, this concern should be communicated in writing to the Director, Office of Special Education Programs.

November 27, 2018
DATE                                          **SARAH G. CROWLEY**, ALJ

Date Received at Agency:

Date Sent to Parties:

Attachment

**SETTLEMENT AGREEMENT AND RELEASE**

THIS SETTLEMENT AGREEMENT AND RELEASE (hereinafter referred to as the "Agreement") is entered into by and between **CATHERINE AND JOSEPH GRESKO, individually and on behalf of J.G., a disabled minor** (hereinafter collectively referred to as "**PETITIONERS**"), and **PEMBERTON TOWNSHIP SCHOOL DISTRICT BOARD OF EDUCATION** (hereinafter referred to as "**RESPONDENT**"), as of the date of the execution of this Agreement by all parties hereto, and in accordance with the terms and conditions set forth below.

**RECITALS**

WHEREAS, **J.G.** is a child with a disability, eligible for special education and related services under the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 et seq. ("IDEA") and protection under Section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("§504"); the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* ("ADA"); New Jersey's Special Education Law, N.J.S.A. 18A:46-1 *et seq.*; and the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1 *et. seq.* ("NJLAD");

WHEREAS, **J.G.** is a student in **RESPONDENT's** facility the Pemberton Early Childhood Education Center ("PECEC");

WHEREAS, **RESPONDENT** is a Local Educational Agency ("LEA") as that term is defined by 20 USC §1401(19) and 34 CFR §300.28 and as such receives federal funding and thereby responsible for ensuring compliance with all mandates arising under the numerous federal statutes for providing special education to the school age students residing within its district;

WHEREAS, a dispute has arisen between **PETITIONERS** and **RESPONDENT** as to whether **RESPONDENT** is providing **J.G.** with a Free Appropriate Public Education ("FAPE");

WHEREAS, both **PETITIONERS** and **RESPONDENT** make no admissions regarding whether such allegations are true and well-founded;

WHEREAS, **PETITIONERS** commenced litigation against **RESPONDENT** via a Due Process Hearing Request through the New Jersey Department of Education ("NJDOE") in an action entitled ***C.G. and J.G.,***

Page 1

*individually and o/b/o J.G. v. Pemberton Twp. BOE, New Jersey Office of Administrative Law, OAL No. EDS 06509-18* (hereinafter referred to as the "Due Process Case") seeking various forms of relief;

WHEREAS, **PETITIONERS** and **RESPONDENT** now desire to compromise, settle and adjust fully and finally all disputes which now exist between them with respect to the claims set forth in the Due Process Case, on the terms hereinafter set forth; and

WHEREAS, **PETITIONERS** and **RESPONDENT**, by and through their representatives and counsel, participated in a Prehearing / Settlement Conference conducted by the OAL on **September 17, 2018** and therein discussed the terms of an agreement to resolve this matter with the Administrative Law Judge on such date.

## COVENANTS

NOW, THEREFORE, in consideration of the foregoing and the mutual promises and covenants set forth below, **PETITIONERS** and **RESPONDENT** (hereinafter collectively referred to as "the parties") mutually agree, as follows:

1.   **RESPONDENT** shall provide **J.G.** with services as follows:

   a.   Twenty (20) minutes of speech-language therapy four times (4x) per week for the 2018-19 school year by a licensed Speech-Language Pathologist ("SLP").  For each session missed due to school holiday or excused absence of the child, **RESPONDENT** shall make reasonable attempts to make up the missed session(s) within the next two weeks following the missed session; and

   b.   Thirty (30) minutes of occupational therapy in a one-to-one (1:1) setting per week for the 2018-19 school year with a licensed Occupational Therapist ("OT/R").  For each session missed due to school holiday or excused absence of the child, **RESPONDENT** shall make reasonable attempts to make up the missed session(s) within the next two weeks following the missed session.

2.   <u>Immediate Implementation of Services</u>.  The services described in this section shall be incorporated IMMEDIATELY into **J.G.'s** current special

Page 2

education program and/or Individualized Education Program ("IEP") at the school district.

3.  IEP Meeting.  Within thirty (30) days from the execution of this Agreement, the parties hereto shall convene an IEP meeting to include each of the services identified and agreed to in this Agreement.

4.  Continuing Obligation to Provide FAPE.  No provision of this Agreement may be construed to relieve **RESPONDENT** of its federal and/or state obligation to provide **J.G.** with a Free Appropriate Public Education ("FAPE"), which may include special education and/or related services.

5.  Dismissal.  Upon execution of the Consent Order by ALJ Crowley, the Due Process case shall be dismissed with prejudice.

6.  Claims Released by Petitioners.  In consideration of satisfaction of the Settlement Terms set forth in this Agreement and completion of all of the terms of this Agreement, **PETITIONERS**, each of them, on behalf of themselves and their respective legal representatives, predecessors, successors, heirs, executors, assigns, agents, and attorneys, and each of them hereby fully release and forever discharge **RESPONDENT**, and its predecessors, successors, heirs, executors, assigns, agents, past and present officers, directors, employees, shareholders, trustees, representatives and attorneys, of and from any and all claims, actions, causes of action, rights, liabilities, obligations and demands of every kind and nature, known and unknown, for any and all claims arising from or relating to the Due Process Case, except for attorney's fees and costs.

7.  Claims Released by Respondent.  In consideration of satisfaction of the Settlement Terms set forth in this Agreement and completion of all of the terms of this Agreement, **RESPONDENT**, on behalf of itself, and its predecessors, successors, heirs, executors, assigns, agents, past and present officers, directors, employees, shareholders, trustees, representatives and attorneys, hereby fully releases and forever discharges **PETITIONERS**, each of them, on behalf of themselves and their respective legal representatives, predecessors, successors, heirs, executors, assigns, agents, and attorneys, of and from any and all claims, actions, causes of action, rights, liabilities, obligations and demands of every kind and nature, known and unknown, for any and all claims arising from or relating to the Due Process Case, except for attorney's fees and costs.

Page 3

8.  <u>Releases Do Not Affect Future Disputes</u>.  The releases set forth above do not apply to any disputes that may arise by reason of acts or omissions occurring after the date the request for a due process hearing was filed.  It is understood that no aspect of this Agreement shall release any Party from liability for any post-Agreement new wrongful acts or omissions, including independent torts, unrelated to the provisions of this Agreement.

9.  <u>No Admission of Liability</u>.  Nothing contained herein shall be construed to be an admission of any kind by any signatory hereto.  Specifically, and without limitation, nothing contained herein constitutes an admission of liability, fault, or wrongdoing of any kind by **RESPONDENT**, **PETITIONERS**, and/or their respective representatives and attorneys.

10.  <u>Non-Confidentiality of This Agreement</u>.  Because this Agreement represents a government record as defined in N.J.S. §47:1A-1.1 involves a public agency, **RESPONDENT**, as defined in N.J.S. §47:1A-1.1 and because the source of portions or all of the payments required under this Agreement is public funding, this Agreement is subject to disclosure under the New Jersey Open Public Records Act, N.J.S. §47:1A-1 *et seq.* ("OPRA") and therefore cannot be confidential.  It may only be redacted to the extent necessary to be in compliance with N.J.S. §47:1A-5.

11.  <u>No Assignment or Transfer</u>.  The parties to this Agreement each represent and warrant that they have not and will not in any manner assign, transfer, convey or sell, or purport to assign, transfer, convey or sell to any entity or person any cause of action, chose in action, or part thereof, arising out of or connected with the matters released herein, and that they are the only persons or entities entitled to recover for damages under such claims, causes of action, actions, and rights.  The parties to this Agreement each also represent and warrant that no subrogation of any such causes of action, chose in action, or part thereof, has taken place.  The parties to this Agreement each further represent and warrant that they will not in any way voluntarily assist any other person or entity in the establishment of any claim, cause of action, action, or right against the other parties to this Agreement arising out of, resulting from or in any way relating to the project.

12.  <u>No Construction Against Any Party</u>.  This Agreement prevails over prior communications regarding the matters contained herein between the

Page 4

signatories hereto or their representatives.  This Agreement has been reviewed by counsel for the signatories hereto, and shall not be construed against any signatory, each signatory expressly waiving the doctrine of *contra proferentem.*

13.    <u>Application of Agreement Only to the Parties</u>.  This Agreement is intended to confer rights and benefits only on the signatories hereto as described in this Agreement, and is not intended to confer any right or benefit upon any other person or entity unless otherwise expressly stated herein.  No person or entity other than the signatories hereto shall have any legally enforceable right under this Agreement unless otherwise expressly stated herein.  All rights of action for any breach of this Agreement are hereby reserved to the signatories herein.

14.    <u>Authority to Execute</u>.  Each of the parties hereto represents and warrants:

    a.    That each is a resident of the State of New Jersey and under the jurisdiction of the laws of this State and of the United States;

    b.    That a duly authorized representative has read the entirety of this Agreement and knows and understands the contents hereof, that the terms hereof are contractual and binding and not by way of recital, and that he/she has signed this Agreement of their own free acts;

    c.    That each has voluntarily entered into and executed this Agreement, is of competent and sound mind and not under the influence of any substance or affliction affecting one's judgment, and has executed the Agreement without duress or undue influence being imposed upon any Party;

    d.    That each has taken all necessary board and legal actions to duly approve the making and performance of this Agreement and that no further board or other approval is necessary;

    e.    That the making and performance of this Agreement will not violate any provision of law or of their respective articles of existence or bylaws; and

    d.     That in making this Agreement, each has been provided the opportunity and/or has obtained the advice of legal counsel.

15.    <u>Binding Agreement</u>.  Each of the terms of this Agreement is binding upon each signatory hereto, and their respective predecessors, successors, parents, subsidiaries, affiliated companies, transferees, assigns, representatives, principals, agents, officers, directors, and employees.

16.    <u>Full Cooperating in Consummating the Agreement</u>.  Each Party to this Agreement shall cooperate fully in the execution and completion of any and all other documents and actions necessary or appropriate to give full force and effect to the terms and intent of this Agreement, including without limitation a hearing on settlement of minor's claims (aka a "Friendly Hearing" in New Jersey).

17.    <u>Section Headings</u>.  Section headings in this Agreement are provided solely for the convenience of the Parties and shall not be construed as affecting the rights or obligations of any Party hereto.

18.    <u>Interpretation</u>.  The language and terms of this Agreement are to be understood in their ordinary sense (except where a specific definition is otherwise provided) and are not to be interpreted in a technical manner so as to unfairly deprive any Party of substantive rights.  Whenever the context may so require, the masculine gender shall be deemed to refer to and include the feminine and/or neuter, the singular to refer to and include the plural, and vice versa.

19.    <u>Entire Agreement</u>.  This Agreement is an integrated Agreement and contains the entire Agreement regarding the matters herein between the signatories hereto, and no representations, warranties, or promises have been made or relied on by any signatory hereto other than as set forth herein.

20.    <u>Modification by Writing Only</u>.  This Agreement may only be modified in writing signed by all of the Parties hereto.

21.    <u>No Third Party Beneficiaries</u>.  This Agreement is not for the benefit of any third party that is not referenced herein or otherwise expressly identified in this Agreement and shall not be deemed to give any right or remedy to any such third party.

22. <u>Severability of Terms</u>.  If any provision of this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, that determination shall not invalidate or render unenforceable any other provision of this Agreement.

23. <u>Counterparts</u>.  The parties to this Agreement hereby agree that this Agreement may be executed in counterparts, and that all such counterparts shall constitute one instrument binding on the signatories in accordance therewith, notwithstanding that all signatories are not signatories to the original or the same counterpart.  Copies or facsimiles of signatures submitted from a reliable source or representative of a Party shall be considered the equivalent of original signatures.

24. <u>Effective Date</u>.  This Agreement shall be deemed fully executed and effective when it has been signed by all of the Parties.

**SIGNATURES**

IN WITNESS WHEREOF, the parties have executed this Settlement
Agreement and Release on the dates shown below:

**CATHERINE AND JOSEPH
GRESKO**

_____
Signature

Joseph & Catherine Gresko
_____
Printed Name

Dated: _____ 10-1-2018

**PEMBERTON TOWNSHIP
SCHOOL DISTRICT BOARD OF
EDUCATION**

_____
Signature

_____
Printed Name

_____
Title

Dated: _____

**SIGNATURES**

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement and Release on the dates shown below:

**CATHERINE AND JOSEPH GRESKO**

**PEMBERTON TOWNSHIP SCHOOL DISTRICT BOARD OF EDUCATION**

_____
Signature

_____
Signature

_____
Printed Name

Christine Hale
Printed Name

Dated: _____

Assistant Director of Special Services
Title

Dated: _10/3/18_