**PARKER McCAY P.A.**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey 08054**
**(856) 596-8900**
**fcavallo@parkermccay.com**
Attorneys for Defendant

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHERINE GRESKO and JOSPEH GRESKO, individually and on behalf of their minor child J.G., <br><br> Plaintiffs, <br><br> v. <br><br> PEMBERTON TOWNSHIP BOARD OF EDUCATION, <br><br> Defendants. | CIVIL ACTION: 1:19-cv-00638 <br><br> CIVIL ACTION |

Defendants Pemberton Township Board of Education (hereinafter "District"), with administrative offices located at One Egbert Street, Pemberton, New Jersey 08068, by way of Answer to the above captioned Complaint, state:

1. The District is without sufficient information to form a belief as to the truth or veracity of the allegations set forth in paragraph one. Plaintiffs are left to their proofs.

2. The District neither admits nor denies the allegations set forth in paragraph two, as Plaintiffs make conclusions of law which require no response.

3. The District neither admits nor denies the allegations set forth in paragraph three, as Plaintiffs make conclusions of law which require no response.

4. The District neither admits nor denies the allegations set forth in paragraph four, as Plaintiffs make conclusions of law which require no response.

5. The District denies the allegations set forth in paragraph five as stated. By way of further response, Plaintiffs are not "prevailing parties."

6. The District denies the allegations set forth in paragraph six as stated. By way of further response, Plaintiffs are not entitled to reimbursement for attorney's fees and costs incurred litigating the within fee petition.

7. The District neither admits nor denies the allegations set forth in paragraph seven, as Plaintiffs make conclusions of law which require no response.

8. The District neither admits nor denies the allegations set forth in paragraph eight, as Plaintiffs make conclusions of law which require no response.

9. The District admits that J.G.'s date of birth is 1/21/2015. The District also admits that J.G. is a child with a disability eligible for special education and related services. By way of further response, the District neither admits nor denies the remaining allegations set forth in paragraph nine, as Plaintiffs make conclusions of law which require no response.

10. The District is without sufficient information to form a belief as to the truth or veracity of the allegations set forth in paragraph ten. Plaintiffs are left to their proofs.

11. The District admits that Pemberton Township Board of Education is a local education agency with its principal place of business located at One Egbert Street, Pemberton, New Jersey 08068. The District also admits that it receives federal funding. The District denies that it is an arm of the New Jersey

Department of Education. By way of further response, the District neither admits nor denies the remainder of the allegations set forth in paragraph 11, as Plaintiffs make conclusions of law which require no response.

12. The District neither admits nor denies the allegations set forth in paragraph 12, as Plaintiffs make conclusions of law which require no response.

13. The District denies that it is an arm of the Government of the State of New Jersey. By way of further response, the District neither admits nor denies the allegations set forth in paragraph 13, as Plaintiffs make conclusions of law which require no response.

14. The District neither admits nor denies the allegations set forth in paragraph 14, as Plaintiffs make conclusion of law which require no response.

15. The District is without sufficient information to form a belief as to the truth or veracity of the allegations set forth in paragraph 15. Plaintiffs are left to their proofs.

16. The District is without sufficient information to form a belief as to the truth or veracity of the allegations set forth in paragraph 16. Plaintiffs are left to their proofs.

17. The District admits the allegations set forth in paragraph 17.

18. The District denies the allegations set forth in paragraph 18 as stated.

19. The District admits the allegations set forth in paragraph nineteen that on April 23, 2018, the case was converted to a Due Process Complaint and transmitted to the New Jersey Office of Administrative Law. The District also admits that upon transmittal, the case was captioned C.G. o/b/o J.G. v. Pemberton Twp. Board of

LAW OFFICE
PARKER McCAY P.A.

4821-9765-6456, v. 1

3

Education, OAL Dkt. No. EDS 06509-18. The remaining allegations set forth in paragraph 19 are denied as stated.

20. The District is without sufficient information to form a belief as to the truth or veracity of the allegations set forth in paragraph 20. Plaintiffs are left to their proofs.

21. The District is without sufficient information to form a belief as to the truth or veracity of the allegations set forth in paragraph 21. Plaintiffs are left to their proofs.

22. The District admits the allegations set forth in paragraph 22.

23. The District is without sufficient information to form a belief as to the truth or veracity of the allegations set forth in paragraph 23. Plaintiffs are left to their proofs.

24. The District admits that on May 24, 2018, the parties and counsel appeared before ALJ Buono for a settlement conference. The District also admits that the matter was assigned to Hon. Sarah G. Crowley, ALJ. The remaining allegations set forth in paragraph 24 are denied as stated.

25. The District admits that hearing dates were scheduled for September 17-19 and 24, 2018 before Judge Crowley. The remaining allegations set forth in paragraph 25 are denied as stated.

26. The District denies the allegations set forth in paragraph 26 as stated.

27. The District admits the allegation that Judge Crowley converted the September 17, 2018 hearing date to an in-person settlement conference. The remaining allegations set forth in paragraph 27 are denied as stated.

LAW OFFICE
PARKER McCAY P.A.

4

4821-9765-6456, v. 1

28. The District is without sufficient information to form a belief as to the truth or veracity of the allegations set forth in paragraph 28. Plaintiffs are left to their proofs.

29. The District admits that on September 17, 2018, the parties appeared for the settlement conference before Judge Crowley. With respect to the remaining allegations set forth in paragraph 29, they are denied as stated.

30. The allegations set forth in paragraph 30 are denied. By way of further response, Plaintiffs' counsel's unilateral and improper actions in submitting an un-executed settlement agreement that he drafted, whose terms had not been agreed upon by all parties, to Judge Crowley for approval created additional legal work for all parties.

31. The District denies the allegation that substantial negotiations ensued. The District admits the allegation that the parties entered into a Settlement Agreement and Release signed by Plaintiffs on October 1, 20187 and Pemberton Township Board of Education on October 3, 2018.

32. The District admits the allegations set forth in paragraph thirty-two.

33. The District denies the allegations set forth in paragraph 33.

34. The District denies the allegations set forth in paragraph 34 as stated.

35. The District is without sufficient information to form a belief as to the truth or veracity of the allegations set forth in paragraph thirty-five. Plaintiffs are left to their proofs.

36. The District denies the allegations set forth in paragraph thirty-six.

37. The District denies the allegations set forth in paragraph thirty-seven.

38. The District denies the allegations set forth in paragraph thirty-seven. By way of further response, the legal relationship between Plaintiffs and Defendant did not change by way of settlement of the DP case, as Plaintiffs ultimately accepted the offer Defendants had made prior to litigation commencing and prior to Plaintiffs' counsel's involvement in the case.

## COUNTERSTATEMENT OF FACTS

1. On March 14, 2018 an IEP revision meeting was held wherein the District proposed speech sessions for J.G. three times a week. Plaintiff declined and filed a "mediation only" due process petition.

2. Plaintiff's due process petition requested speech four times per week.

3. On March 23, 2018, the Assistant Director of Special Services spoke with Plaintiff on the phone and agreed to provide speech four times per week for not only the present school year, but the following school year as well.

4. On March 24, 2018, the Assistant Director of Special Services wrote Plaintiff an email wherein she included details from the conversation they had the day before, including the offer to provide speech four times per week for not only the present school year, but the following school year as well.

5. The District held an IEP meeting on April 16, 2018, and Plaintiff was in attendance.

6. The IEP presented at the April 16, 2018 meeting reflected that speech would be provided four times per week.

7. Plaintiff refused to sign the IEP.

8. The Parties mediated the matter, and Plaintiff continued to refuse to accept the District's offer of speech four times per week, which is what Plaintiff sought in her petition.

9. Plaintiff's "mediation only" petition was converted to a due process petition.

10. The District continued to discuss the language in the IEP with Plaintiff regarding the offer of speech sessions four times a week, as well as other concerns of Plaintiff's, including agreeing to conduct an Augmentative and Alternative Communication evaluation.

11. The matter was transmitted to the New Jersey Office of Administrative Law on May 5, 2018.

12. Plaintiff's counsel was retained by Plaintiff and entered an appearance on May 9, 2018.

13. Thereafter, Plaintiff's counsel amended the Petition.

14. Counsel for Defendant attempted to settle the matter with Plaintiff's counsel to no avail, so the parties prepared for trial.

15. The parties appeared for trial on September 17, 2019, and the matter settled prior to trial commencing.

16. Specifically, the Plaintiff finally accepted Defendant's offer of speech four times per week, which was offered to Plaintiff prior to Plaintiff obtaining counsel and even prior to mediation in this matter. Thus, the relationship between the parties did not change.

17. The parties put the relevant terms of the agreement on the record.

18. Thereafter, counsel for Plaintiff drafted an initial version of the settlement agreement and sent it to Defendant's counsel to review, while simultaneously sending it to Hon. Sarah G. Crowley.

19. In error, Judge Crowley entered an order accepting the unsigned settlement agreement that Defendants had not had a chance to review and agree to.

20. Defendants had several issues with Plaintiff's version of the draft agreement, as it contained terms that had not been agreed upon in person, nor put on the record.

21. Despite Plaintiff's counsel's attempts to allow the error to go unnoticed by the courts, Defendant's counsel contacted the court to advise them of the error, and tried to rectify the problem created by Plaintiff's counsel.

22. At an in-person conference with Hon. Sarah G. Crowley, Plaintiff's counsel attempted to argue that certain provisions to which Defendant's counsel objected had been agreed upon on the record.

23. Judge Crowley listened back to the record from September 17, 2019 and then informed Plaintiff's counsel and Defendant's counsel in writing that Plaintiff's counsel was mistaken, and the provisions he insisted be included in the agreement were, in fact, not agreed upon.

24. Counsel then worked on mutually-agreed upon language for the settlement agreement, both parties signed, and the fully-executed agreement was accepted by Judge Crowley.

LAW OFFICE
PARKER McCAY P.A.

4821-9765-6456, v. 1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or other limitation of actions.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendants were not negligent and/or have not breached any duty owed to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The incident(s) complained of were the result of the acts or omissions of third parties over whom Defendants had no control or no duty to control.

### SIXTH AFFIRMATIVE DEFENSE

The alleged incident(s) and/or damages were caused by conditions over which Defendants had no control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed, in whole or in part, because Plaintiff failed to pursue her grievances through the appropriate channels provided by the school district's policies and procedures.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed, in whole or in part, because Plaintiff has failed to exhaust available administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed, in whole or in part, because Plaintiff lacks federal jurisdiction for such claims.

### TENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, for failure to provide timely notice of claim pursuant to Title 59, Chapter 8 of the New Jersey Statutes, under N.J.S.A. 59:8-1 to -11.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's claims must be dismissed, in whole or in part, because Plaintiff cannot maintain an action for punitive or exemplary damages against a public entity or public employee pursuant to the provisions of N.J.S.A. 59:9-2.

### TWELVTH AFFIRMATIVE DEFENSE

Defendants deny that they, or anyone in their stead, violated any duties or created any conditions which were the proximate cause of the damages sustained by the plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants plead the rights, immunities, and limitations afforded to them by the laws and statutes of the State of New Jersey and the United States of America.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants acted, at all times relevant hereto, in accordance with the laws of the State of New Jersey and the United States of America.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering defendants took no action at any time to deprive the Plaintiff of any federal, constitutional or statutory right of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

No change in Plaintiff's legal relationship with Defendant occurred by way of settlement.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to assert or interpose such other separate or affirmative defenses as continuing investigation and discovery may indicate.

WHEREFORE, Defendant demands that an Order be entered in their favor and against Plaintiffs for the following relief;

    A. Dismissing with prejudice Plaintiffs' Complaint in its entirety;

    B. Awarding Defendant reasonable attorneys' fees, litigation expenses and costs of suit; and

    C. Granting Defendant such further relief as the Court deems equitable and just.

Respectfully submitted,

**PARKER McCAY P.A.**
Attorneys for Defendant,
Pemberton Township
Board of Education

By: /s/ *Victoria S. Beck*
    VICTORIA S. BECK

Dated: February 12, 2019

LAW OFFICE
PARKER McCAY P.A.

4821-9765-6456, v. 1

11

## CERTIFICATION

Pursuant to Rule 4:5-1, Defendant, through their counsel, certify that the matter in controversy is not the subject of any action pending in any court, arbitration or administrative proceeding.

## DESIGNATION OF TRIAL COUNSEL

Victoria S. Beck of the law firm of Parker McCay, P.A., are hereby designated as trial counsel.

Respectfully submitted,

**PARKER McCAY P.A.**
Attorneys for Defendant,
Pemberton Township Board of Education

By: */s/ Victoria S. Beck*
　　　VICTORIA S. BECK

Dated: February 12, 2019

I, Samantha Constantine, being of full age, hereby certify that:

I am employed by Parker McCay P.A., attorneys for the Defendant in this matter, and, on February 12, 2019, I caused the within Answer and Affirmative Defenses to be e-filed with this Court.

By: */s/ Samantha Constantine*
　　　SAMANTHA CONSTANTINE

LAW OFFICE
PARKER McCAY P.A.

4821-9765-6456, v. 1