IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CATHERINE GRESKO, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>PEMBERTON TWP. BD. OF EDUCATION,<br><br>               Defendant. | Civil No. 19-638-NLH-KMW |

## DISCOVERY ORDER

THIS MATTER is before the Court upon the May 29, 2019, and June 21, 2019, letters from Victoria S. Beck, Esquire, counsel for Defendant, in which Defendant raises certain discovery and scheduling issues in accordance with Local Civil Rule 37.1. [Dkt. Nos. 8, 11].  In counsel's May 29th letter, Defendant sought (1) an Amended Scheduling Order extending the discovery deadlines by sixty (60) days, and (2) more specific answers to Defendant's outstanding discovery requests. [Dkt. No. 8, Letter, May 29, 2019]. On May 30, 2019, this Court entered a Text Order stating that the Court would address the issues raised by defense counsel at the previously scheduled June 28, 2019, telephone status conference. [Dkt. No. 11, Text Order, May 30, 2019].  Plaintiffs' counsel did not submit a response to the issues raised by defense counsel in her letters.  However, despite the pendency of the discovery and scheduling issues raised in Defendant's letter and this Court's

Order directing that it would address same, Plaintiffs did file a motion for summary judgment on June 20, 2019. [Dkt. No. 10]. As a result, defense counsel submitted her June 21, 2019, letter seeking to modify the deadlines associated with Plaintiffs' motion for summary judgment.

Pursuant to Local Civil Rule 37.1, the Court conducted an informal telephone conference to address Defendant's letters on June 28, 2019, as previously scheduled. During the telephone conference, the Court allowed defense counsel to articulate the purported deficiencies in the written discovery requests served upon Plaintiffs. In sum, they were requests for information related to settlement offers made by Defendant to Plaintiffs and for information related to the retention of Plaintiffs' counsel. Plaintiffs' counsel asserted that settlement offers were not discoverable pursuant to Federal Rule of Civil Procedure 68 and that his retainer agreement was not discoverable because it is protected by attorney-client privilege and is irrelevant. The Court additionally heard from counsel on the issue of the format and manner of Plaintiffs' production. Though Defendant requested that Plaintiffs produce the digital information in native format, Plaintiffs provided the information in .pdf format. After some discussion, including the Court's articulation of Federal Rule of Civil Procedure 34(b)(E)(i-iii), Plaintiffs' counsel averred that he cannot provide certain billing related information in the native format requested because the software program he uses for such

native format is unavailable and asserted that he has substantially complied with the Federal Rules by providing the requested information in a reasonably useable form.[1]

Having confirmed that the discovery dispute at issue was not amenable to informal resolution given the positions taken by counsel, the Court granted Defendant leave to file a Motion to Compel concerning the outstanding discovery. Plaintiffs' counsel immediately objected and argued that this Court's granting of permission to file the Motion to Compel violates Paragraph 2 of this Court's Scheduling Order. [*See* Dkt. No. 7, Scheduling Order, Apr. 5, 2019]. This position, however, ignores both Local Civil Rule 37.1(a)(1) and Paragraph 3 of the Scheduling Order. Accordingly,

IT IS on this **1st** day of **July, 2019**, hereby

**ORDERED** that Defendant shall file its Motion to Compel the outstanding discovery on or before **July 26, 2019**; and it is further

---

[1] Initially, in an effort to resolve the dispute related to the production of e-discovery, the Court sought to consult the Joint Discovery Plan and was immediately reminded that same was not jointly submitted by the parties; however, both counsel had anticipated that the e-discovery conference that is required to comply with Local Civil Rules 26.1(b) and 26.1(d) would occur approximately one month after the Rule 16 conference. This agreement by counsel to address ESI issues after the Rule 16 conference did not assist the Court in addressing the issue of production, except to confirm that clearly there was no agreement.

**ORDERED** that any requests with respect to the scheduling of filings related to Plaintiffs' motion for summary judgment shall be addressed to the Hon. Noel L. Hillman; and it is further

**ORDERED** that the remaining discovery and case schedule shall be determined after Defendant's motion to compel is resolved.

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc: Hon. Noel L. Hillman