

**PARKER McCAY**

Parker McCay P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054-5054

P: 856.596.8900
F: 856.596.9631
www.parkermccay.com

Victoria S. Beck, Esquire
P: 856-810-5840
F: 856-810-5852
vbeck@parkermccay.com

July 3, 2019

Via ECF
Hon. Noel L. Hillman, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
Courtroom 3A
4th and Cooper Streets
Camden, NJ 08101

Re: Gresko, et al. v. Pemberton Twp. BOE; 1:19-CV-00638 NLH-KMW

Dear Judge Hillman:

This firm is counsel to defendant Pemberton Township Board of Education ("District") in the above-referenced matter. Several issues have developed relating to this matter. The original Scheduling Order in this matter set the deadline for dispositive motions for July 26th. Attached hereto as "A" is the Scheduling Order. Despite the fact that there was an ongoing discovery dispute between the parties, and the fact that I had raised the issue to Magistrate Judge Williams via correspondence and Judge Williams indicated the issued would be addressed via telephone conference scheduled for June 28th, Plaintiff filed a motion for summary judgment on July 20th.

Said motion is currently pending before Your Honor, and the District received an automated notice on June 21st that its opposition is due July 15th. During the conference call on June 28th, the discovery issues were discussed, but no resolution was reached. Thus, Judge Williams granted leave for the District to file a motion to compel by July 26th. Attached hereto as "B" is Judge Williams' Order of July 1st. Judge Williams also indicated in her Order that "…any requests with respect to the scheduling of filings related to Plaintiffs' motion for summary judgement shall be addressed to the Hon. Noel L. Hillman." See "B." Counsel for Plaintiff, Robert Thurston, Esq., sought clarification of this directive, and Judge Williams issued an Order on July 3rd clarifying same. She stated "…based on the timing of the filing of the motion, the response deadline noted in the docket text and the Court's ability to convene a conference call to address the issues raised by defendant, if the defendant seeks additional time to file its opposition, it must request this extension from The Hon. Noel L. Hillman, U.S.D.J.

**PARKER McCAY**

given that the motion is pending before him." Attached hereto as "C" is Judge Williams' Order of July 3rd.

Thus, at this time, the District respectfully requests an extension of time to file its opposition to Plaintiffs' motion for summary judgment and a Rule 56(d) motion. Should Your Honor be available to discuss this matter via telephone conference, I will make myself available at any time.

Respectfully submitted,

VICTORIA S. BECK

VSB/sc
Enclosures
  cc:    Robert C. Thurston, Esq. (via email and ECF)

4836-4813-5067, v. 1

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CATHERINE GRESKO and JOSEPH GRESKO, individually and on behalf of their minor child J.G., <br><br> Plaintiffs, <br><br> v. <br><br> PEMBERTON TOWNSHIP BOARD OF EDUCATION, <br><br> Defendant. | Civil No. 19-638-NLH-KMW |

### SCHEDULING ORDER

This Scheduling Order confirms the directives given to counsel at the initial scheduling conference held pursuant to Rule 16, Federal Rules of Civil Procedure on **April 5, 2019**; and the Court noting the following appearances: **Robert C. Thurston, Esquire**, appearing on behalf of the **plaintiffs**; and **Victoria S. Beck, Esquire**, appearing on behalf of the **defendant**; and for good cause shown:

IT IS this **5th** day of **April, 2019**, hereby **ORDERED**:

1. Initial written discovery requests shall be served by **April 22, 2019**.

2. Pretrial factual discovery will expire on **June 19, 2019**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

3. **Discovery Applications**. All discovery applications pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in L. Civ. R. 37.1(b)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or via telephone before

making a discovery application, rather than just exchanging letters or e-mails.

4. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **July 26, 2019**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

5. The Court will conduct a telephone status conference on **June 28, 2019 at 10:00 a.m.** Counsel for plaintiffs shall initiate the telephone call.

6. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc: Hon. Noel L. Hillman

# EXHIBIT "B"

```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

| | |
|---|---|
| CATHERINE GRESKO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PEMBERTON TWP. BD. OF EDUCATION, <br><br> Defendant. | Civil No. 19-638-NLH-KMW |

## DISCOVERY ORDER

THIS MATTER is before the Court upon the May 29, 2019, and June 21, 2019, letters from Victoria S. Beck, Esquire, counsel for Defendant, in which Defendant raises certain discovery and scheduling issues in accordance with Local Civil Rule 37.1. [Dkt. Nos. 8, 11]. In counsel's May 29th letter, Defendant sought (1) an Amended Scheduling Order extending the discovery deadlines by sixty (60) days, and (2) more specific answers to Defendant's outstanding discovery requests. [Dkt. No. 8, Letter, May 29, 2019]. On May 30, 2019, this Court entered a Text Order stating that the Court would address the issues raised by defense counsel at the previously scheduled June 28, 2019, telephone status conference. [Dkt. No. 11, Text Order, May 30, 2019]. Plaintiffs' counsel did not submit a response to the issues raised by defense counsel in her letters. However, despite the pendency of the discovery and scheduling issues raised in Defendant's letter and this Court's

Order directing that it would address same, Plaintiffs did file a motion for summary judgment on June 20, 2019. [Dkt. No. 10]. As a result, defense counsel submitted her June 21, 2019, letter seeking to modify the deadlines associated with Plaintiffs' motion for summary judgment.

Pursuant to Local Civil Rule 37.1, the Court conducted an informal telephone conference to address Defendant's letters on June 28, 2019, as previously scheduled. During the telephone conference, the Court allowed defense counsel to articulate the purported deficiencies in the written discovery requests served upon Plaintiffs. In sum, they were requests for information related to settlement offers made by Defendant to Plaintiffs and for information related to the retention of Plaintiffs' counsel. Plaintiffs' counsel asserted that settlement offers were not discoverable pursuant to Federal Rule of Civil Procedure 68 and that his retainer agreement was not discoverable because it is protected by attorney-client privilege and is irrelevant. The Court additionally heard from counsel on the issue of the format and manner of Plaintiffs' production. Though Defendant requested that Plaintiffs produce the digital information in native format, Plaintiffs provided the information in .pdf format. After some discussion, including the Court's articulation of Federal Rule of Civil Procedure 34(b)(E)(i-iii), Plaintiffs' counsel averred that he cannot provide certain billing related information in the native format requested because the software program he uses for such

native format is unavailable and asserted that he has substantially complied with the Federal Rules by providing the requested information in a reasonably useable form.[1]

Having confirmed that the discovery dispute at issue was not amenable to informal resolution given the positions taken by counsel, the Court granted Defendant leave to file a Motion to Compel concerning the outstanding discovery. Plaintiffs' counsel immediately objected and argued that this Court's granting of permission to file the Motion to Compel violates Paragraph 2 of this Court's Scheduling Order. [See Dkt. No. 7, Scheduling Order, Apr. 5, 2019]. This position, however, ignores both Local Civil Rule 37.1(a)(1) and Paragraph 3 of the Scheduling Order. Accordingly,

IT IS on this **1st** day of **July, 2019**, hereby

**ORDERED** that Defendant shall file its Motion to Compel the outstanding discovery on or before **July 26, 2019**; and it is further

---

[1] Initially, in an effort to resolve the dispute related to the production of e-discovery, the Court sought to consult the Joint Discovery Plan and was immediately reminded that same was not jointly submitted by the parties; however, both counsel had anticipated that the e-discovery conference that is required to comply with Local Civil Rules 26.1(b) and 26.1(d) would occur approximately one month after the Rule 16 conference. This agreement by counsel to address ESI issues after the Rule 16 conference did not assist the Court in addressing the issue of production, except to confirm that clearly there was no agreement.

**ORDERED** that any requests with respect to the scheduling of filings related to Plaintiffs' motion for summary judgment shall be addressed to the Hon. Noel L. Hillman; and it is further

**ORDERED** that the remaining discovery and case schedule shall be determined after Defendant's motion to compel is resolved.

s/ Karen M. Williams<br>
KAREN M. WILLIAMS<br>
United States Magistrate Judge

cc:   Hon. Noel L. Hillman

# EXHIBIT "C"

**Victoria Beck**

| | |
|---|---|
| **From:** | njdefiling@njd.uscourts.gov |
| **Sent:** | Wednesday, July 03, 2019 9:34 AM |
| **To:** | njdefiling@njd.uscourts.gov |
| **Subject:** | Activity in Case 1:19-cv-00638-NLH-KMW GRESKO et al v. PEMBERTON TWP. BD. OF EDUCATION Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 7/3/2019 at 9:34 AM EDT and filed on 7/3/2019
**Case Name:** GRESKO et al v. PEMBERTON TWP. BD. OF EDUCATION
**Case Number:** 1:19-cv-00638-NLH-KMW
**Filer:**
**Document Number:** 13(No document attached)

**Docket Text:**
TEXT ORDER - In response to the letter dated July 2, 2019 from Robert C. Thurston, Esquire, the Court provides the following clarification: the Court did not intend to limit the grounds upon which the defendant could or should oppose plaintiff's motion for summary judgment [Dkt. No. 10]. In addition, based on the timing of the filing of the motion, the response deadline noted in the docket text and the Court's ability to convene a conference call to address the issues raised by defendant, if the defendant seeks additional time to file its opposition, it must request this extension from The Honorable Noel L. Hillman, U.S.D.J. given that the motion is pending before him. So Ordered by Magistrate Judge Karen M. Williams on July 3, 2019. (Williams, Karen)

**1:19-cv-00638-NLH-KMW Notice has been electronically mailed to:**

ROBERT CRAIG THURSTON     rthurston@schoolkidslawyer.com

VICTORIA SIMOES BECK     vbeck@parkermccay.com, sconstantine@parkermccay.com, vasimoes1@gmail.com

**1:19-cv-00638-NLH-KMW Notice has been sent by regular U.S. Mail:**

1