UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CATHERINE GRESKO and JOSEPH
GRESKO, individually and on
behalf of their minor child
J.G.,                                    Civil No. 19-638-NLH-KMW

                      Plaintiffs,

                                         **OPINION**

          v.

PEMBERTON TOWNSHIP BOARD OF
EDUCATION,

                      Defendant.

**Hillman**, District Judge

    This matter is before the Court on the joint motion of the

Plaintiffs, Catherine Gresko and Joseph Gresko, individually and

on behalf of their minor child J.G. ("Plaintiffs") and Defendant

Pemberton Township Board of Education ("Defendant" and together

with Plaintiffs, the "Parties") seeking an Order permitting

redaction of certain exhibits filed in support of their earlier

motion for summary judgment.  For the reasons set forth below,

the Joint Motion will be granted.

**BACKGROUND**

    On January 17, 2019, Plaintiffs filed the Complaint

indicating "this matter is a fee petition pursuant to the

Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400

et seq. ("IDEA"), Section 504 of the Rehabilitation Act of 1973,

29 U.S.C. §794 ("§504"), and the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq. ("ADA"), seeking reimbursement of attorney's fees and costs as a result of a settlement of an administrative due process case."  (ECF No. 1, ¶1).  At the time of filing the administrative due process case, J.G. was three (3) years old, and at the time of filing the Motion, J.G. was five (5) years old.

On June 20, 2019, Plaintiffs filed a Motion for Summary Judgment, (ECF No. 10), with a number of exhibits attached ("First Motion for Summary Judgment"), which was subsequently denied without prejudice on January 28, 2020.  (ECF No. 21). Thereafter, Plaintiffs filed an Amended Motion for Summary Judgment on March 24, 2020 (ECF No. 31), which the Defendant opposed.  (ECF No. 34).  Plaintiffs subsequently filed a Reply in Support of Their Amended Motion for Summary Judgment. (ECF No. 36).  On May 28, 2020, with the Amended Motion for Summary Judgment pending, Plaintiffs filed a Motion to Strike Certain Materials and Statements made within Defendant's response (ECF No. 35).

While the Amended Motion for Summary Judgment and Motion to Strike filings were pending, Plaintiffs submitted a Redacted Documents filing to replace the documents on file on June 1, 2020. (ECF No. 38).  The filing sought to replace ten specific

pages in exhibits to the Plaintiff's Motion for Summary Judgment with updated versions redacting certain information.

On October 13, 2020, the Court entered an Opinion and Order granting Plaintiffs' Motion for Summary Judgment in part, denying Plaintiffs' Motion for Summary Judgment in part, denying Plaintiffs' Motion to Strike, and reserving a decision on the request for redactions until Plaintiffs filed the appropriate motion.  (ECF No. 42, at 2).  Regarding the request for redactions, the Court directed the parties to file a proper motion to redact pursuant to Local Rule 5.3, which governs motions to seal or redact in this District.

Consequently, the Parties filed the present Motion on October 16, 2020.  (ECF No. 44).  The Motion included an index of materials proposed to be redacted (the "Index") identifying nine documents to be redacted, all exhibits to the Plaintiff's First Motion for Summary Judgment.  The Index provided: (i) the name of materials to be redacted; (ii) the basis for redaction; (iii) a clearly defined and serious injury that would result if relief were not granted; (iv) why a less restrictive alternative to the relief sought is not available; and (v) any party opposition to the proposed redactions and the basis for such opposition.  As a joint motion, Defendant does not oppose the

Motion, and, in fact, was the party that identified the
information to be redacted in the Motion for Summary Judgment.

**DISCUSSION**

**I.   Legal Standard**

The Federal Rules of Civil Procedure require that certain
information be excluded from electronic or paper filings with
the court.  Rule 5.2 provides that:

> Unless the court orders otherwise, in an electronic or
> paper filing with the court that contains an individual's
> social-security number, taxpayer-identification number, or
> birth date, the name of an individual known to be minor, or
> a financial-account number, a party or nonparty making the
> filing may include **only:** (1) the last 4 digits of the
> social-security number and taxpayer-identification number;
> (2) the year of the individual's birth; (3) the minor's
> initials; and (4) the last 4 digits of the financial-
> account number.

Fed. R. Civ. P. 5.2(a) (emphasis added).  The rule intends to
protect a party's personal identifying information from the
public.  United States v. Whoolery, No. 20-1652, 2021 WL 162349,
at *3 (3d Cir. Jan. 19, 2021); Fed. R. Civ. P. 5.2 Advisory Comm.
Note on 2007 adoption (explaining the Rule was "adopted in
compliance with section 205(c)(3) of the E-Government Act of
2002, Public Law 107-347[, which] requires the Supreme Court to
prescribe rules 'to protect privacy and security concerns
relating to electronic filing of documents and the public
availability ... of documents filed electronically.'").

4

In this District, Local Civil Rule 5.3 governs motions to seal or otherwise restrict public access to materials filed with the Court and judicial proceedings themselves.  The rule requires that:

> Any request by a party, parties or nonparty to file materials under seal, or otherwise restrict public access to, any materials or judicial proceedings shall ordinarily be made on notice, by a single, consolidated motion on behalf of all parties . . . .  The single, consolidated motion shall include all information required by [Local Rule 5.3(c)(3)].

L. Civ. R. 5.3(c)(1).  The Rule continues that:

> Any motion papers shall include as part of an affidavit, declaration, certification or other documents . . . an index . . . describing with particularity: (a) the nature of the materials or proceedings at issue;(b) the legitimate private or public interest which warrant the relief sought;(c) the clearly defined and serious injury that would result if the relief sought is not granted;(d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and 12(f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3).

## II. Analysis

The Court finds Plaintiffs have satisfied the requirements under Local Rule 5.3 and will therefore grant the Motion. Plaintiffs filed a single, consolidated motion pursuant to Local Rule 5.3(c)(1).  They have sufficiently identified and described the specific materials to be redacted, and explained that they only wish to redact their exhibits to the extent necessary to

protect the full name and identifying information of the minor child at the center of the state administrative due process proceeding underlying this federal action.  (ECF No. 44-1, Ex. 1).

This Court has previously noted the harm that could result from compromising the right to privacy of minor children by needlessly divulging their identity and personal information in sensitive cases, and found that it outweighs the general presumption of public access.  Providence Pediatric Medical Daycare, Inc. v. Alaigh, No. 10-cv-2799 (NLH)(KMW), 2011 WL 13079322, at *3 n.4 (D.N.J. Nov. 9, 2011).  Here, Plaintiffs seek only to avoid public disclosure of such personally identifying information about a minor, information which had no bearing on the merits of this federal proceeding; the Court finds that they have met their burden under Local Rule 5.3.  The Court has reviewed Plaintiffs' proposed redactions, and further finds that they are the least restrictive means of avoiding potential harm while still protecting the public's right to access to all other documents and information in this action.

Accordingly, the Joint Motion to Redact will be granted. The original filings will be sealed, and Plaintiffs will be directed to file a certification from counsel attaching all documents originally filed with their First Motion for Summary

Judgment (ECF No. 10), with the relevant exhibits redacted as proposed in Plaintiffs' Declaration of Robert C. Thurston. (ECF No. 44-1).

<b><u>CONCLUSION</u></b>

For the reasons expressed above, the Joint Motion to Redact (ECF No. 44) will be granted.

An appropriate Order will be entered.


Date: February 11, 2021              /s Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.